**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CONVERSE, INC.<br><br>    Plaintiff,<br> v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>    Defendants. | Civil Action No. 1:24-cv-00642<br><br>Judge Martha M. Pacold<br><br>JURY TRIAL DEMANDED |

**DEFENDANT CUBUFLY'S MOTION TO SEVER FOR
MISJOINDER UNDER FRCP 20(a)(2)**

Defendant Cubufly respectfully moves this Court to sever it from this "Schedule A" case under Rule 20(a)(2) of the Federal Rules of Civil Procedure, and in support thereof states the following:

**I. INTRODUCTION**

This case is one of a burgeoning number of cases being filed in this District that all follow a nearly uniform pattern. Plaintiff, purporting to own certain intellectual property, sues large groups of foreign defendants for infringement. Plaintiff institutes these cases *ex parte*, seeking first a restraint on defendants' internet stores and accounts and then a TRO, followed by a preliminary injunction. Cubufly is the latest such defendant to be swept up in these kinds of cases. Cubufly is not a counterfeiter as Plaintiff purports in its Complaint, and, more pertinently to this motion, has no relation to the other Defendants.

1

II.   PROCEDURAL AND FACTUAL BACKGROUND

On July 24, 2024, Plaintiff Converse, Inc. ("Converse") filed its Complaint against individuals and entities that operated online storefronts, including that of Amazon.com. *See* Complaint. (Dkt 1). Plaintiff alleges that Cubufly committed trademark infringement, counterfeiting, false designation of origin, among other claims. On January 29, 2024, Plaintiff filed an *ex parte* Motion for a Temporary Restraining Order, seeking to enjoin all defendants in the lawsuit from manufacturing, importing, distributing, offering for sale, or selling any counterfeit versions of Plaintiff's products as well as freezing all of the defendants' accounts with their associated storefronts. (Dkt. 13-20) (hereinafter the "TRO"). The Court granted Converse's Motion for a TRO on January 30, 2024. (Dkt. 21). However, as discussed in more detail below, the joinder of Cubufly in this case is improper under Rule 20(a)(2) of the Federal Rules of Civil Procedure, necessitating Cubufly's dismissal without prejudice or severance from this action.

ANALYSIS AND APPLICATION

A.   Joinder Under Rule 20(a)(2)

Converse bears the burden of demonstrating that joinder is proper under Federal Rule of Civil Procedure 20(a)(2). *See In re Veluchamy*, 879 F.3d 808, 819 n.4 (7th Cir. 2018) (in applying Rule 19 mandatory-joinder requirement, stating: "we confirm that in this Circuit the party advocating for joinder generally has the initial burden to establish the absent person's interest"); *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010) (explaining that complaint in prior case had been rejected because "the plaintiff had made no effort to show how his joinder of claims satisfied Rule 20"); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009).

While "in assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true," *Desai v. ADT Sec. Servs., Inc.*, 2011 WL 2837435, at *3 (N.D. Ill. July 18, 2011) (quoting Deskovic, 673 F.

Supp. 2d at 159), courts are not required to accept conclusory or speculative statements that do not qualify as assertions of fact. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008) (explaining, for the purpose of certifying a class of plaintiffs, that "mere speculation" or "conclusory allegations" cannot support joinder). *See also,* e.g., Hard Drive Prods., Inc. v. Does 1-188, 809 F. Supp. 2d 1150, 1164-65 (N.D. Cal. 2011) (severing and dismissing all but one Doe defendant in part because plaintiff's allegations in support of joinder were "speculative and conclusory."), abrogated on other grounds by *Williams v. King*, 875 F.3d 500, 504-505 (9th Cir. 2017).

Under Rule 20(a)(2), defendants may be joined in a single action if two requirements are satisfied: (1) the claims against them must be asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there must be a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)-(B). To determine whether the rights asserted arise out of the same transaction or occurrence, courts should "consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Ross v. Bd. of Educ. of Twp. High Sch. Dist.* 211, 486 F.3d 279, 284 (7th Cir. 2007).

Courts generally find that claims against different defendants arose out of the same transaction or occurrence only if there is a "logical relationship between the separate causes of action." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012); *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994) (discussing the "same transaction or occurrence" requirement in the context of Rule 13). *See also* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (3d ed. 2001); *Malibu Media, LLC v. John Does* 1-6, 291 F.R.D. 191, 201 (N.D. Ill. 2013). Claims have a logical relationship when there is a "substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *In re EMC Corp.*, 677 F.3d at 1358. In other words, "to be part of the same transaction requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." Id. at 1359 (cleaned up). *See also Malibu Media*, 291 F.R.D. at 201 ("[T]he defendants' allegedly infringing

3

acts, which give rise to the individual claims of infringements, must share an aggregate of operative facts." (cleaned up)); *Eclipse Mfg. Co. v. M and M Rental Center, Inc.,* 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007)

If a court finds that joinder does not comply with the Federal Rules of Civil Procedure, then the court may dismiss the misjoined party or order the plaintiff to cure the deficiency. *See* Fed. R. Civ. P. 21; *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). The Seventh Circuit has recognized the broad discretion that district courts have in remedying misjoinder, so long as the court's decision avoids unnecessary harm to the parties. *Chavez v. Ill. State Police,* 251 F.3d 612, 632 (7th Cir. 2001). This discretion also allows courts to consider "other relevant factors in the case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Chavez*, 251 F.3d at 632 (cleaned up). Specifically, if the joinder of multiple defendants "would create prejudice, expense or delay[,]" the district court has the discretion to disallow it. Id. (cleaned up). In fact, in a prisoner civil rights case, the Seventh Circuit "urged district courts and defendants to beware of 'scattershot' pleading strategies[,]" warning specifically against "omnibus complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated defendants." *Mitchell v. Kallas*, 895 F.3d 492, 503 (7th Cir. 2018) (cleaned up).

Courts within this District have held that it is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements. *See, e.g., Estée Lauder*, 334 F.R.D. at 187; *Slep-Tone Entm't Corp. v. Roberto,* 2013 WL 5748896, at *2-3 (N.D. Ill. Oct. 22, 2013); *ThermaPure, Inc. v. Temp-Air, Inc*., 2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2010); *Spread Spectrum Screening, LLC v. Eastman Kodak Co*., 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010); *SB Designs v. Reebok Int'l, Ltd*., 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004). This is because one defendant's alleged infringement does not necessarily "arise out of the same transaction, occurrence, or series of transactions of occurrences" as another defendant's unrelated infringement. Fed. R. Civ. P. 20(a)(2)(A). When defendants are not connected to one another, there is no evidentiary overlap in proving what one

defendant did and what another did. Or, when viewed from the defense perspective, there is nothing that one defendant could advance in defending a case that would be dependent on an unrelated codefendant.

Here, Plaintiff's only allegation in support of joinder is brought merely on information and belief: that the defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Converse shoes in the same transaction, occurrence, or series of transactions or occurrences. (Id. ¶ 32.) But that alone is not a factual averment. Rather, it is a conclusory statement supported by only another conclusory statement that the defendants have "notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images," (Compl. ¶ 29.) But Plaintiff makes no factual showing whatsoever supporting these conclusory allegations.

An examination of the pleaded facts leads one to conclude that there is not enough alleged similarity among the defendants. First, not all the defendants used and sold the same trademarked images. Indeed, the Complaint's table that lists the trademarked images is about seven pages in length. The Defendants sold different accused products. Moreover, some of the images and descriptions, even if like one another, are such that no inference of a connection between those defendants can be drawn merely because the large group of defendants use similar trademarked images. *See Estée Lauder*, 334 F.R.D. at 188 (citing *In re EMC Corp.*, 677 F.3d at 1359 and Rudd v. Lux Products Corp., 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20.")). In sum, Plaintiff does not allege any non-conclusory facts to form a basis for a conclusion that Cubufly's conducts overlaps enough to warrant joinder.

Further, not all of the Defendants use the same product images and product descriptions—mainly because Converse is asserting a broad array of trademarks covering

5

various accused products, most of which are not sold by Cubufly. While Cubufly's counsel was unable to obtain the unsealed screenshot evidence of Defendants' allegedly infringing activity before filing this motion—a preliminary injunction has not been entered yet—Cubufly's product images and descriptions are likely different from those used by the other Defendants, as evidenced by previous "Schedule "A"" cases filed by Converse asserting a large array of trademarks on assorted products against multiple defendants. What's more, some of the images and descriptions, even if similar to one another, are so generic that no inference of a connection between those defendants can be drawn. *See In re EMC Corp.*, 677 F.3d at 1359. *See also*, *e.g.*, *Rudd v. Lux Products Corp.*, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20.") Nor are the Defendants' products similarly priced, which is again consistent with the fact that Plaintiff is asserting trademarks based on various products, many of which Cubufly does not sell. In short, Converse has made assertions of similarity that are much too broad and that are not supported by the evidence. In light of the factual disparities between the Defendants, joinder of Cubufly is improper. There is no way that "substantially the same evidence," *In re EMC Corp.*, 677 F.3d at 1359, will be used to support or to refute Converse's claims against these dozens of Defendants.

Nor would allowing joinder promote judicial economy. Combining hundreds of unrelated defendants in one case creates a burden on courts since courts must evaluate the evidence submitted in support of liability and, eventually, apportion damages among the parties. "That is especially true in the ex parte setting of a temporary restraining order, as well as for default-judgment motions. It is much more of a burden to satisfy that duty when there are dozens or hundreds of online retailers named in one case." *Estée Lauder*, 334 F.R.D. at 189-90 (citing *Purzel Video GMBH v. Does* 1-91, Case No. 4:12-cv-02292, 2013 WL 4775919, at *2 (E.D. Mo. Sept. 6, 2013) ("Rule 20(a)'s purpose of promoting judicial economy and trial convenience would not be served by allowing the number of defendants in this case because the ensuing discovery and variety of defenses could prove unwieldy for a single case")). The Purzel Court,

for example, severed the case and dismissed "all but one Doe Defendant to avoid causing prejudice and unfairness to Defendants" in the interest of justice. *Purzel*, 2013 WL 4775919, at *2.

## CONCLUSION

For the reasons stated above, Cubufly should be dismissed or severed from this action because Converse has failed to carry its burden under FRCP 20(a)(2).

Dated: February 16, 2024

                                                          Respectfully Submitted,

                                                          /s/Pete Wolfgram
                                                          Stratum Law LLC
                                                          2424 E. York St. Ste. 223
                                                          Philadelphia, PA 19125
                                                          *Attorney for Cubufly*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 16th day of February 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the parties.

                                                        /s/*Pete Wolfgram*
                                                          Pete Wolfgram